**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4577**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID BARREN, a/k/a James Willie Jones, a/k/a Vincent Hutchins,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:08-cr-00053-PJM-1)

---

Submitted: June 29, 2012        Decided: July 12, 2012

---

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Mushtaq Gunja, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Barren appeals his convictions and life sentence following a jury trial on a fifty-three-count second superseding indictment charging him with drug, money laundering, and evasion of financial reporting offenses. On appeal, Barren contends that the district court's pretrial rulings deprived him of the effective assistance of counsel. Finding no error, we affirm.

Barren first argues that the district court deprived him of the effective assistance of counsel by permitting an attorney with a conflict of interest to represent him. To prove ineffective assistance based on a conflict of interest, the defendant must demonstrate that (1) counsel "operated under a 'conflict of interest' and (2) such conflict 'adversely affected his lawyer's performance.'" United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)); see Mickens v. Taylor, 240 F.3d 348, 361 (4th Cir. 2001) (providing test for proving adverse effect).[*] We conclude that because ineffective assistance does not conclusively appear from the record, Barren's claim is not

---

[*] Although Barren urges us to apply the per se conflict of interest rule espoused by the Second Circuit in United States v. Williams, 372 F.3d 96, 102-03 (2d Cir. 2004), we decline to do so under the facts here presented.

cognizable on direct appeal.  See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (providing standard).

Barren also asserts that the district court deprived him of the effective assistance of counsel by denying his motion for a continuance.  "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel."  Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted).  "The later that a motion for a continuance is made, the more likely it is made for dilatory tactics; hence, it is less likely that the district court arbitrarily denied the continuance."  United States v. LaRouche, 896 F.2d 815, 824 (4th Cir. 1990).  Upon review, we conclude that the district court did not abuse its discretion in denying the motion for a continuance.  See United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006) (providing standard of review).

Accordingly, we affirm the district court's judgment and deny Barren's motions for leave to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED